# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASTAGNOLA FLEET MANAGEMENT, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>SEA-PAC INSURANCE MANAGERS, INC. DBA SEA-PAC INSURANCE SERVICES, *et al.*,<br><br>    Defendants. | Civil No. 08cv2371-L(POR)<br><br>**ORDER REMANDING ACTION TO STATE COURT** |

Defendants filed a notice of removal, removing this negligence, fraud and breach of contract action from state court. The notice of removal is based on 28 U.S.C. §§ 1441 and 1332.

The federal court is one of limited jurisdiction. *See Gould v. Mutual Life Ins. Co. of N.Y.*, 790 F.2d 769, 774 (9th Cir. 1986). It possesses only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). It is constitutionally required to raise issues related to federal subject matter jurisdiction, and may do so *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the

district and division embracing the place where such action is pending." 28 U.S.C. §1441(a). Original jurisdiction exists in cases of complete diversity, where each of the plaintiffs is a citizen of a different state than each of the defendants. 28 U.S.C. §1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Regarding Plaintiffs' citizenship, the notice of removal inaccurately paraphrases the allegations in the complaint, which provide the sole basis for Defendants' assertions regarding Plaintiffs' citizenship. (Notice of Removal at 2.) Contrary to the representations in the notice of removal, the complaint alleges that Plaintiffs are "business entities or corporations authorized to do business in the State of California, with a principal place of business in San Diego, California." (Compl. at 1.) It is therefore unclear whether both or either of Plaintiffs is a corporation or another type of business entity.

If either Plaintiff is a corporation, then the notice of removal must assert the state of incorporation and the state where the principal place of business is located. *See* 28 U.S.C. § 1332(c)(1) (For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ."). In this case, it is not clear where either Plaintiff is incorporated because the complaint does not allege the state of incorporation but only that Plaintiffs are "authorized" to do business in California.

Moreover, the Complaint, and therefore the notice of removal, leaves open the possibility that either Plaintiff is not a corporation but a different type of "business entity." Unincorporated business entities are citizens of each state of which any of their members are citizens. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990). To the extent that either Plaintiff may be an unincorporated business entity, the notice of removal does not provide sufficient information to

1  determine citizenship.  Based on the foregoing, the court finds there is doubt as to the right of
2  removal in the first instance.  *See Gaus*, 980 F.2d at 566.
3     Because Defendants failed to meet their burden in establishing federal subject matter
4  jurisdiction, this action is **REMANDED** to the Superior Court of the State of California for the
5  County of San Diego.
6     **IT IS SO ORDERED.**

8  DATED:  December 29, 2008

   M. James Lorenz
10 United States District Court Judge

11 COPY TO:
12 HON. LOUISA S. PORTER
   UNITED STATES MAGISTRATE JUDGE
13
   ALL PARTIES/COUNSEL